# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Gerald R.,**
**Petitioner Below, Petitioner**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 17-0339** (Webster County 16-P-2)

**Michael Martin, Acting Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gerald R., by counsel Andrew Chattin, appeals the Circuit Court of Webster County's February 9, 2017, order denying his petition for writ of habeas corpus.[1] Respondent Michael Martin, Acting Warden, by counsel Gordon L. Mowen II, filed a response in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in denying his habeas petition on the following grounds: (1) judicial conflict; (2) ineffective assistance of counsel; (3) improper preliminary hearing; (4) failure to receive pre-sentence investigation report; (5) prosecutorial conflict; (6) failure to disclose victim impact statement; (7) abuse of discretion and plain error; and (8) violation of plea agreement.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2013, petitioner was indicted on the following three charges: first-degree sexual

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner originally listed Marvin Plumley as respondent in this matter. However, Michael Martin is now the Acting Warden of Huttonsville Correctional Center. Accordingly, pursuant to Rule 41(c) of the Rules of Appellate Procedure, the appropriate public officer has been substituted in the style of this matter.

assault; incest; and sexual abuse by a parent, guardian, or custodian. The victim of these crimes was eleven years old at the time the crimes were committed. The parties reached an agreement in November of 2013 whereby petitioner would plead no contest to one count of incest and the State would recommend that any sentence imposed be ordered to run concurrently with a sentence petitioner was already serving for an unrelated criminal conviction. Thereafter, the circuit court held a hearing and accepted petitioner's plea. Following the completion of a pre-sentence investigation report, petitioner was sentenced to a term of incarceration of five to fifteen years in May of 2014. The circuit court further ordered that the sentence run consecutively to a sentence petitioner was already serving for conviction of an unrelated crime. Moreover, petitioner was required to register as a sex offender for life upon his release and undergo fifteen years of supervised release.[3] During the hearing, the State honored its agreement and recommended the imposition of concurrent sentences. It did, however, notify the circuit court that the sentencing order in the unrelated criminal case indicated that the judge who imposed that sentence indicated that it should be served consecutively to any other sentence imposed upon petitioner.

In February of 2016, petitioner filed a petition for writ of habeas corpus. Thereafter, the circuit court appointed petitioner counsel and eventually held an omnibus evidentiary hearing in November of 2016. In his petition below, petitioner raised the following grounds for relief: (1) judicial conflict; (2) ineffective assistance of counsel; (3) improper preliminary hearing; (4) failure to receive pre-sentence investigation report; (5) prosecutorial conflict; (6) failure to disclose victim impact statement; (7) abuse of discretion and plain error; and (8) violation of plea agreement. Additionally, following the omnibus hearing, the circuit court noted that petitioner also raised another ground for relief predicated on a lack of jurisdiction. Ultimately, the circuit court denied petitioner relief. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

---

[3]On appeal, petitioner asserts that the trial court imposed a fifty-year period of supervised release. Similarly, the order on appeal indicates that the term of supervised release was fifty years. However, the sentencing order included in the appendix indicates that the term of supervised release was for only fifteen years.

On appeal, petitioner simply alleges anew the same arguments he presented to the circuit court. Namely, he asserts that he is entitled to habeas relief upon the following grounds: (1) judicial conflict; (2) ineffective assistance of counsel; (3) improper preliminary hearing; (4) failure to receive pre-sentence investigation report; (5) prosecutorial conflict; (6) failure to disclose victim impact statement; (7) abuse of discretion and plain error; and (8) violation of plea agreement. Indeed, petitioner fails to even allege how he believes the circuit court erred in denying his petition.[4] Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on these alleged errors, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order, as it relates to these assignments of error, and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error and direct the Clerk to attach a copy of the circuit court's February 9, 2017, "Final Order On Petition For Writ Of Habeas Corpus" to this memorandum decision.

---

[4]In fact, petitioner's brief is deficient in relation to several of his assignments of error, wherein his arguments in support of the assignments of error simply reiterate, sometimes in as little as one sentence, the assignment of error itself. For example, under his assignment of error alleging a failure to disclose the victim impact statement, the entirety of his argument is as follows: "Petitioner was denied an opportunity to review the victim's impact statement." Many of these assignments of error contain no citation to any controlling authority. Additionally, many of these assignments of error fail to cite specifically to the record on appeal and, instead, simply direct the Court to "[s]ee [p]etitioner's testimony at the evidentiary hearing." This is in direct contradiction to the applicable rules and this Court's prior directions. Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, then-Chief Justice Menis E. Ketchum specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief in regard to several assignments of error is inadequate as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 14, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4

**IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA**

GERALD      R

      Petitioner,

v.                                  **Case Number: 16-P-2**
                                      **(Felony Case: 13-F-47)**

MARVIN PLUMLEY, Warden
of Huttonsville Correctional Center,

      Respondent.

### FINAL ORDER ON PETITON FOR WRIT OF HABEAS CORPUS

Pending before the Court is a "Petition for Writ of Habeas Corpus" originally filed on February 19, 2016, by the petitioner, Gerald . R , challenging his conviction from the Circuit Court of Webster County in case number 13-F-47. An omnibus hearing was held on the 3rd day of November, 2016, where there appeared the petitioner with habeas counsel, Andrew Chattin and the State of West Virginia by and through Special Prosecuting Attorney Jonathan Calhoun. Whereupon, the petitioner did call himself and Dan Grindo as witnesses and both were subject to cross examination and the petitioner did rest. The respondent called no witnesses and did rest. The Court heard arguments of counsel regarding their respective positions and took the matter under advisement informing the parties a written decision would follow.

Having conducted a plenary review of the evidence adduced, the record, and the applicable law, the Court, for reasons sets forth more fully below, does hereby **DENY** this Petition for Writ of Habeas Corpus.

### I.    FINDINGS OF FACT

1. This is a petition for writ of habeas corpus pursuant to W.Va. Code § 53-4A-1, *et seq.*,

wherein the petitioner alleges multiple assignments of error regarding his underlying conviction in the Circuit Court of Webster County, West Virginia, to wit: 13-F-47.

2. The Court takes judicial notice of the underlying criminal proceedings in the Circuit Court of Webster County, West Virginia in felony case number 13-F-47. The record reflects the petitioner pled no contest to the charge of *Incest* in violation of W.Va. Code § 61-8-12, as contained in Count II of the indictment.

3. Daniel Grindo was court appointed counsel for the petitioner in his criminal case. His associate, Dan Armstrong[1] represented the petitioner during his felony preliminary hearing in Webster County Magistrate Court.

4. A sentencing hearing was held on May 27, 2014, and the trial court imposed a sentence of not less than (5) nor more that fifteen (15) years for the offense of *Incest*. That sentence was ordered to run consecutively with the sentence the petitioner was already serving out of the Circuit Court of Nicholas County.

5. As a further condition of his sentencing in the underlying case, the petitioner was required to enroll as a lifetime sexual offender and it was ordered he shall be upon fifty (50) years extended supervision upon his release, and that said supervision would be concurrent with supervision ordered in Nicholas County.

6. A Second Amended Petition was filed in this matter on July 27, 2016, alleging eight (8) grounds for relief and the respondent filed their response on August 1, 2016.

7. An omnibus hearing was held on November 3, 2016, and upon the record this Court did make inquiry of the petitioner in accordance with *Losh v. Mckenzize*[2] regarding the nature of the omnibus hearing and that any habeas grounds not set forth therein would be deemed forever waived. The petitioner understood the same.

---

[1] Mr. Armstrong is no longer an associate with Mr. Grindo's office.

8. The Court finds that the petitioner knowingly waived his right to raise any further habeas grounds not raised in this petition in the future and therefore all other claims are deemed forever waived.

9. From the aforesaid omnibus hearing the Court makes the following factual findings:

### *Testimony of Dan Grindo*

10. Dan Grindo was court appointed counsel in the petitioner's underlying criminal proceeding and has been a licensed attorney in this State practicing criminal defense since 2002.

11. Mr. Grindo testified that he was satisfied with the State of West Virginia's discovery in that case.

12. Mr. Grindo stated that he and the petitioner had numerous conversations about the facts and circumstances of the case, including multiple conversations regarding jurisdiction and venue because the petitioner would always admit to committing similar acts in Nicholas County but always denied any wrongful acts were committed by him Webster County. Mr. Grindo testified that he and the petitioner discussed the defense of venue and how it may nevertheless adversely affect the petitioner before the jury at trial, i.e., result in multiple convictions.

13. Mr. Grindo further stated that he filed a motion to dismiss the indictment based on the jurisdiction/venue concerns his client raised. The Court finds the record reflects such motion was filed on June 26, 2013.

14. Mr. Grindo believes that the petitioner fully understood the terms and conditions of the plea agreement in the underlying case; that he voluntarily entered into said plea, and still maintains that the plea was in his client's best interest, in that, had the case gone to trial, there was a significant chance of his client being exposed to a far greater penalty.

15. Mr. Grindo believes the State of West Virginia fulfilled their obligations under the plea

---

[2] See *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

agreement. Further, Mr. Grindo did discuss with client the fact that although, the State would recommend concurrent sentencing with the Nicholas County sentence, the trial court was not bound by that recommendation and could impose consecutive sentences. Mr. Grindo argued for concurrent sentencing at trial.

16. Mr. Grindo stated he did not recall his client, at any time, expressing a desire to withdraw his plea agreement in the criminal case.

### *Testimony of Petitioner Gerald .     R*

17. Petitioner testified that during his preliminary, counsel Dan Armstrong, did not question the West Virginia State Trooper as to his false testimony, nor did Mr. Armstrong allow the petitioner to testify on his own behalf.

18. Petitioner stated that he was offered a "1 to 5" to give a statement to law enforcement.

19. He takes issue with and alleges the same discovery was used by the State of West Virginia as basis for his cases in both Nicholas and Webster Counties.

20. Petitioner testified that Mr. Grindo failed to contact a witness that the petitioner had disclosed, nor did he interview the victim.

21. Petitioner stated he did not want to take a plea in Webster County because he denies committing crimes in Webster County. He fully admitted to the crimes in Nicholas County.

22. The petitioner argues that his Webster County plea agreement was violated because the State of West Virginia failed to recommend concurrent sentencing.

23. He testified that the Nicholas County Prosecuting Attorney should have been disqualified from prosecuting him in both counties as a conflict of interest.

24. He stated that he entered his plea of no contest in Webster County first and then pled guilty in Nicholas County thereafter.

25. The petitioner admitted that he was aware of the terms/conditions of his plea agreement in the Webster County case; and he further acknowledges that the trial court fully informed him of his rights and the possible sentence that could be imposed.

26. The petitioner stated he feels like he was "done wrong" by everyone in his felony case.

## II.    SCOPE OF HABEAS CORPUS PROCEEDINGS

A petition seeking writ of habeas corpus relief post-conviction from criminal proceedings is an extraordinary remedy recognized by Article III, Section 4 of the West Virginia Constitution; and pronounced within West Virginia Code § 53-4A-1, *et seq*. Specifically, habeas corpus is a suit wherein probable cause therefor being shown, a writ is issued which challenges the right of one to hold another in custody or restraint, Syl., Pt. 4, *Click v. Click*, 98 W.Va. 419, 127 S.E.2d 194 (1925), and the sole issue presented in such proceedings by a prisoner is whether he or she is restrained of his liberty by due process of law. Syl. Pt. 1, *State ex rel. Tune v. Thompson*, 151 W.Va. 282, 151 S.E.2d 732 (1966). West Virginia Code § 53-4A-1(a) (1967) (Repl. Vol. 2000) contemplates the circumstances under which a post-conviction writ of habeas corpus is available, as follows:

> Any person convicted of a crime and incarcerated under sentence of imprisonment therefor who contends that there was such a denial or infringement of his rights as to render the conviction or sentence void under the Constitution of the United States or the Constitution of this State, or both, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under the common law or any statutory provision of this State, may, without paying a filing fee, file a petition for a writ of habeas corpus ad subjiciendum, and prosecute the same, seeking release from such illegal imprisonment, correction of the sentence, the setting aside of the plea, conviction and sentence, or other relief, if and only if such contention or contentions and the grounds in fact or law relied upon in support thereof have not been previously and finally adjudicated or waived in the proceedings which resulted in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the

provisions of this article, or in any other proceeding or proceedings which the petitioner has instituted to secure relief from such conviction or sentence...

Courts have typically been afforded broad discretion in determining whether to grant a petition for post-conviction habeas corpus relief. In *Ravnell v. Coiner*,320 F.Supp. 1117 (N.D.W.Va. 1970), the United States District Court for the Northern District of West Virginia explained that "[t]he decision as to whether to grant relief, deny relief, or to hold an evidentiary hearing on factual issues, if any exist, is a matter of discretion with the courts of West Virginia." *Id* at 1124, *citing* W.Va. Code §§ 53-4A-3 and 53-4A-7; *see also State ex rel. Valentine v. Watkins*, 208 W.Va. 26, 537 S.E.2d 647 (2000).

A significant and likewise overriding principle of any court's habeas corpus review is that "habeas corpus is not a substitute for an appeal and that a showing of error of a constitutional dimension is required in order to set aside a criminal conviction in a collateral attack by writ of habeas corpus." *State ex rel. Phillips v. Legursky*, 187 W.Va. 607, 608, 420 S.E.2d 743, 744 (1992). The West Virginia Supreme Court of Appeals has stated that habeas corpus "is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed. Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979). In other words, ordinary trial error not involving constitutional violations will not be reviewed in a habeas corpus proceeding. *McMannis*, 163 W.Va. at 137, 254 S.E.2d at 809. *See also Edwards v. Leverette*, 163 W.Va. 571, 258 S.E.2d 436 (1979)("[courts] will maintain a distinction, so far as post-conviction remedy is concerned, between plain error in a trial and error of constitutional dimensions. Only the latter can be a proper subject of a habeas corpus proceeding.). With these standards in mind, this Court will proceed on the merits of the instant petition.

### III.   DISCUSSION

The petition in this matter sets forth eight (8) grounds for post-conviction habeas corpus relief: (1) judicial conflict; (2) ineffective assistance of counsel; (3) improper preliminary hearing; (4) failure to receive a pre-sentence investigation; (5) prosecutorial conflict; (6) failure to disclose victim impact statement; (7) abuse and discretion/plain error by the trial court; and (8) violation of the terms and conditions of the plea agreement. The Court finds that after hearing the petitioner's testimony during the omnibus hearing that a ninth ground was raised, that (9) the trial court lacked jurisdiction, and therefore it will consider the same. After due consideration of the underlying record, omnibus hearing evidence; and applicable law the Court finds each of this grounds should be denied as a matter of law. The Court will address its reasoning for each assignment of error individually.

**Ground One: Judicial Conflict**

The first ground set forth is that the trial judge should have recused himself from this case because while working as a prosecuting attorney on or about the 1980s he prosecuted the petitioner on other criminal charges. Regarding judicial conflicts, the West Virginia Supreme Court of Appeals has stated that " '[w]here a challenge to a judge's impartiality is made for substantial reasons which indicate that the circumstances offer a possible temptation as to the average man as a judge not to hold the balance nice, clear and true between the State and the accused, a judge should recuse himself.' Syl. pt. 14, *Louk v. Haynes*, [159 W.Va. 482], 223 S.E.2d 780 (1976) (in part)." Syllabus Point 3, *State v. Hodges*, 172 W.Va. 322, 305 S.E.2d 278 (1983). Having considered the record, evidence adduced and applicable law, this Court finds no conflict, nor error on part of the trial judge on this issue. Here, not only did the petitioner fail to

file a motion recuse the trial court in his underlying criminal case but the petitioner further failed to set forth any evidence or legal authority in this proceeding to support his claim that the trial judge lacked neutrality; or that a temporal gap of approximately thirty years between an attorney's duties as a prosecutor and an attorney's duties now as a judge regarding the same individual in unrelated offenses results in any conflict let alone one that would require recusal. Further, the West Virginia Supreme Court of Appeals has on more than one occasion commented that "a skeletal argument, really nothing more than an assertion, does not preserve a claim..." (*quoting U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Further, "although briefs are liberally construed in determining issues presented for review, issues...mentioned only in passing but are not supported with pertinent authority, are not considered." *See e.g. State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). The Court finds the mere assertions set forth by the petitioner are wholly insufficient to support his claim of judicial conflict and therefore the petitioner having failed to meet his burden of proof, the same must be denied as a matter of law.

### Ground Two: Ineffective Assistance of Counsel

The petitioner next challenges the representation of his court appointed counsel Dan Grindo on the grounds of ineffective assistance of counsel. In support of this argument, the petitioner alleges that Mr. Grindo failed to investigate the case, interview witnesses and victim, prepare for trial, gave petitioner poor legal advice, failed to communicate with his client, and failed to engage in diligent representation. It is the petitioner's view that this litany of errors on the part of counsel are sufficient enough to survive analysis under the two-prong test set forth by

the United States Supreme Court in *Strickland v. Washington*,[3] and therefore warrant habeas corpus relief.

Ineffective assistance of counsel claims in habeas corpus proceedings are reviewed under the axiomatic two-pronged standard set forth by our nation's Supreme Court in *Strickland*. Pointing to that holding the West Virginia Supreme Court of Appeals espoused in syllabus point five of *State v. Miller*[4] that the burden of proof is on the party alleging counsel was ineffective to show that (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Further, as our highest state court explained in syllabus point five of *Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995), a court need not addressed both prongs of the ineffective assistance standard set forth in *Strickland* and *Miller* but may dispose of such a claim based solely on petitioner's failure to satisfy either prong of the test.

The West Virginia Supreme Court of Appeals has further noted that, "under these rules and presumptions, the cases in which a defendant may prevail on the ground of ineffective assistance of counsel are few and far between one another. This result is no accident but instead flows from deliberate policy decisions [of the West Virginia Supreme Court] and the United States Supreme Court have made mandating that "[j]udicial scrutiny of counsel's performance must be highly deferential" and prohibiting "[i]ntensive scrutiny of counsel and rigid requirements for acceptable assistance[.]" *Strickland*, 466 U.S. at 689-90, 104 S.Ct. at 2065-66. In other words, [courts] should always presume strongly that counsel's performance was reasonable and adequate. A defendant seeking to rebut this strong presumption of effectiveness

_____

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); *see also* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).
[4] *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

bears a difficult burden because constitutionally acceptable performance is not defined narrowly and encompasses a "wide range." *Miller*, 194 W.Va. at 16, 459, S.E.2d at 127.

Applying these standards to the present case the Court finds the petitioner has failed to set forth sufficient evidence to support his ineffective assistance of counsel argument. Further, based up a review of the record, omnibus testimony of Mr. Grindo, and applicable law this Court finds that Dan Grindo objectively conformed his representation of the petitioner to that of a reasonable criminal defense attorney. In the present case, Mr. Grindo provided uncontroverted testimony of his actions and conduct during his representations of the petitioner in the criminal case. He testified that among other things he was satisfied with discovery and his investigation, discussed the case with his client numerous times, filed motions on his client's behalf, and in weighing the evidence found that the plea agreement was in his client's best interest. While the petitioner alleges multiple errors alleging ineffective assistance of counsel, the uncontroverted testimony in this case, in addition to the motions filed by Mr. Grindo contained in the record of the criminal case soundly defeat the petitioner's ineffective assistance of counsel claim. The only other evidence set forth by the petitioner was his testimony that Mr. Grindo did not interview a witness or the victim. However, the petitioner did not identify the purported witness(es), nor did he set forth any substantial evidence or case law to rebut the presumption that Mr. Grindo's conduct was objectively unreasonable.

While the petition sets forth numerous errors on the part of Mr. Grindo, that alone is not sufficient to prove those allege errors, if true, were objectively unreasonable; nor are they sufficient to show that but for those errors, the result of the petitioner's case would have been different. Therefore, this Court finds as a matter of law that the petitioner has failed to prove that

Mr. Grindo's conduct was objectively unreasonable and not that of a reasonable criminal defense attorney. As such, this claim must be denied as a matter of law.

## Ground Three: Improper Preliminary Hearing

In the third error assigned, the petitioner avers that his felony preliminary hearing before the Magistrate Court was improper because counsel, Daniel Armstrong did not let him testify, nor did counsel question the West Virginia State Trooper who testified. The Court finds the petitioner has failed to set forth any evidence to support this claim. The petitioner set forth no evidence or a recording as to the preliminary hearing proceedings held before the magistrate. Also, the petitioner failed to subpoena Daniel Armstrong as a witness to testify as to those proceedings and his alleged actions. Both of these are vital factors any court would need in order to evaluate this type of claim. As previously noted, vague statements and assertions are not evidence. This Court can only make a proper analysis when sufficient facts and evidence are before it. However, in this instance the Court stands without. Therefore, because the petitioner has failed to set forth a claim and support the same with evidence as he is required to do by law, the Court declines to find error or grant relief on this issue.

## Ground Four: Failure to Receive Pre-Sentence Investigation

The petitioner also argues that he was never given a pre-sentence investigation in this case. However, the petitioner presented no evidence on this issue during his omnibus hearing and therefore, the Court deems this claim for relief to be abandoned. Although, the Court has ruled on this issue, it would note that even had the claim been addressed during the omnibus hearing, it is without merit. The criminal file clearly indicates a pre-sentence investigation was filed in this case on or about May 12, 2014. It is further evident that the petitioner received and had no objections to the same based on the transcript from the sentencing hearing (see pp. 3-4).

Moreover, while the Court directed that the pre-sentence report prepared in Nicholas County be used, it was because the petitioner entered into pleas for related offense in both jurisdictions within days of one another and that the requirement preparation of a new pre-sentence out of Webster County was not necessary, nor judicially efficient. Therefore, the petitioner's claim is denied as a matter of law.

### Ground Five: Prosecutorial Conflict

Petitioner next argues that because the Nicholas County Prosecuting Attorney's Office prosecuted him on charges in Nicholas County regarding the same victim, their contemporaneous prosecution of him in Webster County by way of appointment as special prosecutor should have been deemed a conflict that disqualified them from the Webster County case. Again, the Court finds the petitioner has failed to set forth any evidence or legal authority in this habeas proceeding to support this claim. Furthermore, the record illustrates no motion was filed by the petitioner in the underlying case to seek recusal and disqualification of the Nicholas County Prosecuting Attorney's Office. As the burden is on the petitioner to prove his claim(s) and the petitioner having failed to do so, this claim must be denied as a matter of law.

### Ground Six: Failure to Disclose Victim Impact Statement

The sixth ground advanced by the petitioner is that the victim impact statement in this matter was not provided to him. Victim impact statements are governed by West Virginia Code § 61-11A-3 which provides:

> (a) In every case in which a presentence report is ordered by the court, such presentence report shall contain a victim impact statement unless the court orders otherwise, if the defendant, in committing a felony or misdemeanor, caused physical, psychological or economic injury or death of the victim.
> (b) The victim impact statement shall be prepared by the probation officer and shall include the identity of the victim, an itemization of any economic loss

suffered by the victim as a result of the offense, a description of the nature and extent of any physical or psychological injury suffered by the victim as a result of the offense, the details of any change in the victim's personal welfare, lifestyle or family relationships as a result of the offense, whether there has been any request for psychological or medical services initiated by the victim or the victim's family as a result of the offense and such other information related to the impact of the offense upon the victim as may be required by the court.

(c) If the court does not order a presentence investigation and report, the prosecuting attorney may request that the probation officer prepare a victim impact statement. The victim impact statement shall be considered by the court as a factor in determining the appropriate sentence. Additionally, the statement may be utilized for the determination of claims by victims of crimes pursuant to the provisions of article two-a, chapter fourteen of this code.

(d) In cases that involve child victims of offenses defined in section twelve, article eight of this chapter or article eight-b or eight-d of this chapter, any victim impact statement in a presentence report may include a statement from a therapist, psychologist or physician who is providing treatment to the child as to the recommendations regarding the effect that possible disposition may have on the child.

(e) A victim impact statement prepared in accordance with the provisions of this section, other than for claims by victims of crimes pursuant to the provisions of article two-a, chapter fourteen of this code, shall be made available to the defendant, and his counsel if he is so represented, at least ten days prior to the date set for pronouncement of his sentence. The court shall, upon motion by or on behalf of the defendant, grant the defendant a hearing, whereby he may introduce testimony or other information related to any alleged factual inaccuracies in the statement.

As previously discussed in this case a pre-sentence investigation was completed and a report filed and provided to the defendant's counsel in this case. As part and parcel to that investigation is a handwritten victim impact statement. Therefore, the Court finds this argument also fails as a matter of law in that the petitioner has again failed to set forth any evidence or legal authority to support his position. Further, given that a pre-sentence investigation report is filed in the underlying case; that report contains a victim impact statement; and that report is the same report provided to defense counsel prior to sentencing, the Court finds the evidence uncontroverted that contrary to the petitioner's argument the statement was provided in compliance with the law. For these reasons this claim is denied.

## Ground Seven: Abuse of Discretion and Plain Error

The petitioner also argues that the when taken together grounds one through six constitute an abuse of discretion and plain error by the trial court. This Court would note that the petitioner has again failed to set forth any evidentiary support or legal authority for this argument. Also problematic is the fact that the petitioner set forth no evidence to support the first six grounds raised herein which are the gravamen of the petitioner's abuse of discretion and plain error argument. Therefore, the Court having considered grounds one through six of this petition, the record, evidence adduced an applicable legal authority finds as a matter of law that the petitioner has failed to establish by an indicia or evidence or legal precedent that the trial court abused its discretion or committed plain error in the underlying case. Wherefore, this claim is denied as a matter of law.

## Ground Eight: Violation of Plea Agreement

The eighth ground articulated by the petitioner is that the State of West Virginia violated the terms and conditions of his plea agreement. Specifically, petitioner avers that under the terms of the plea agreement the State of West Virginia agreed to recommend concurrent sentencings with his sentence out of Nicholas County, but the trial court imposed consecutive sentencing. In this respect, it is argued that because consecutive sentencing was imposed the terms and conditions of the plea agreement were violated by the State resulting in prejudice to the petitioner.

The record in this case reflects that the State agreed in the plea agreement entered in the underlying case to make a non-binding recommendation for concurrent sentencing at disposition. It is also reflected that the State of West Virginia made the following representations to the trial court at sentencing:

**COURT:** What says the State?

**STATE:** Your Honor, the State agreed to make a nonbinding recommendation for a concurrent sentence. However, I wasn't sure if the Court was aware of the sentencing order in Nicholas County. I brought a copy of that of the certified order. Judge Johnson has in that order that he does not wish that his sentence to run concurrent with any other sentence. I just wanted to bring that to the Court's attention.

(Sentencing Transcript p. 6). Based on the proceeding at disposition, this Court finds no evidence to suggest that the State of West Virginia violated its agreement to recommend concurrent sentencing. The State merely informed the trial court of the Nicholas County sentencing order and in no way recanted its promise to recommend concurrent sentencing. Furthermore, this was a non-binding plea agreement between the State and the defendant/petitioner. The law is clear that under West Virginia Rule of Criminal Procedure 11(e)(1)(B) a trial court is not bound by the State of West Virginia's recommendation as to sentencing. *See also State ex rel. Forbes v. Kaufman*, 185 W. Va. 72, 76, 404 S.E.2d 763, 767 (1991) (pursuant to Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure, the trial court is not bound to impose the sentence recommended by the state if it accepts the plea agreement.). Also relevant is the uncontroverted testimony of Dan Grindo who stated he advised his client that the plea agreement did not bind the trial court to impose concurrent sentencing and that consecutive sentencing was possible. Moreover, the petitioner testified that at the time he entered his no contest plea the trial court advised him of all of his rights including the possible sentence that could be imposed and that he understood the same.

Based on the foregoing, the Court finds that the petitioner has failed to establish a violation of the plea agreement on part of the State of West Virginia, nor has he shown any prejudice he suffered. Therefore, the Court finds the State of West Virginia complied with the terms and conditions of the plea agreement and that sentence imposed was in accordance with

the laws of the State of West Virginia. For these reasons, the petitioner's claim is denied as a matter of law.

### Ground Nine: Trial Court Lacked Jurisdiction

The final assignment of error set forth by the petitioner is that the Circuit Court of Webster County, West Virginia lacked jurisdiction over his criminal case because the acts occurred in Nicholas County and not Webster County, West Virginia. Again, having afforded a thorough and plenary review of the record and pertinent legal authority, the Court, for the reasons discussed below, does hereby deny this ground for relief.

A proper analysis of this argument preliminarily requires an overview of two related but distinct and albeit often interchanged concepts of law: jurisdiction and venue. With respect to a criminal case, jurisdiction pertains to the inherent power within a court to decide a criminal case. Venue, on the other hand, refers to the specific county, city, or municipality wherein a court with requisite jurisdiction may try a case. *State v. Dennis*, 216 W.Va. 331, 342, 607 S.E.2d 437, 448 (2004). It has also been stated that "[u]nder the Constitution and laws of this state, a crime can be prosecuted and punished only in the state and county where the alleged offense was committed." Syl. Pt. 2, *State v. McAllister*, 65 W.Va. 97, 63 S.E. 758 (1909). Venue and jurisdiction are threshold issues; unless the proper venue and jurisdiction are both established, the court in which the action commenced does not have the authority to decide the merits of that action. *See* 77 Am. Jur. 2d Venue § 1 (2016), *Painter v. Ballard*, 237 W. Va. 502, 788 S.E.2d 30, 35 (2016).

In the present case, the petitioner contends that while he did commit the crimes he is convicted of in Nicholas County; he argues that Webster County had no authority or constitutional power to prosecute or sentence him on the instant offenses because he committed no crimes in said county and therefore, jurisdiction was not proper. Because the petitioner is

challenging the jurisdiction of the Webster County circuit court to hear and decide the case he is raising a jurisdiction-based objection. With this clarity on this principle now established, the Court will proceed to undertake the petitioner's argument at hand.

Of relevance to the Court's analysis is Rule 18 of the West Virginia Rules of Criminal Procedure, as well as Article III, section 14 of the West Virginia Constitution. Rule 18 appearing under the Venue section of the Rules of Criminal Procedure states, *[e]xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a county in which the offense was committed.* Article III, section 14 of the West Virginia Constitution pertinently states, in part: *Trials of crimes and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay, and in the county where the alleged offense was committed unless upon petition of the accused and for good cause shown, it is removed to some other county.*

In the present case, under the terms of the plea agreement, the petitioner stands convicted of one count of *Incest* in violation of W.Va. Code § 61-8-12. This statute provides in pertinent part:

> (b) A person is guilty of incest when such person engages in sexual intercourse or sexual intrusion with his or her father, mother, brother, sister, daughter, son, grandfather, grandmother, grandson, granddaughter, nephew, niece, uncle or aunt. (c) Any person who violates the provisions of this section shall be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than five years nor more than fifteen years, or fined not less than five hundred dollars nor more than five thousand dollars and imprisoned in the penitentiary not less than five years nor more than fifteen years

The Court points to the record of this case which shows that indictment returned by the Webster County grand jury on the offense of *Incest* stated as follows:

**THE GRAND JURY FURTHER CHARGES:**

That from on or about the ___ day of June 1998 and the ___ day of December, 2001, in Webster County, West Virginia, **GERALD R , JR.**, committed the offense of **"INCEST"** by unlawfully, intentionally, knowingly and feloniously engaging in sexual intercourse with his granddaughter, to-wit: B.E.J., whose date of birth is December 14, 1990, against the peace and dignity of the State.

Further, the petitioner pled no contest to committing the offense as stated in the indictment, from on or about June 1998 to on or about December, 2001 (*See* 13-F-47, *Plea Oder*, filed May 9, 2014). Furthermore, Mr. Grindo testified at the omnibus hearing that the issue of the jurisdiction with respect to the purported crimes in Webster County was discussed at length with his client and he filed a motion to dismiss based on improper jurisdiction of the trial court on his client's behalf. The record further reflects that the trial court held a hearing on that motion and determined that based on the victim's statement regarding the abuse that the sexual acts occurred in not only Nicholas but also Webster counties and denied the motion to dismiss.

Based on those considerations, the Court finds that the trial court did not error in finding that it had proper jurisdiction over the petitioner with respect to the subject offenses and further finds that jurisdiction was proper in the Circuit Court of Webster, County, West Virginia. Accordingly, having determined that both jurisdiction and venue were at all times proper, this assignment of error must also be denied as a matter of law.

## IV. CONCLUSION

Based on the foregoing, it is according **ADJUDGED** and **ORDERED** that the petition for post-conviction habeas corpus relief filed herein be and is hereby **DENIED**. This case is further **DISMISSED** and **STRICKEN** from the active docket of this Court.

It is further **ORDERED** that the petitioner be remanded to the custody of the Department of Corrections to serve the penitentiary sentence previously imposed by the trial court.

The parties' objections and exceptions are noted and preserved.

The Clerk shall forward certified copies of this Order to counsel for the petitioner and the Nicholas County Prosecuting Attorney's Office, forthwith.

**ENTERED** this _____9_____ day of February, 2017.

JACK ALSOP, JUDGE

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office
Attest: Joanie Moore
Webster County, West Virginia
By _____
Deputy Clerk